IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JARRELL O., and CHERYL O.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD of ILLINOIS, and the MONDELEZ GLOBAL LLC GROUP BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:19-cv-00470-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are Defendants' Motions to Dismiss Count II of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 29, 31.) The court held a hearing on the Motions on January 16, 2020. At the conclusion of the hearing, the court took the Motions under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order.

## BACKGROUND

The court, as it must, accepts all well-pleaded factual allegations in the Complaint as true for purposes of Defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At all times relevant to this matter, Plaintiff Jarrell O. was a participant in the Mondelez Global LLC Group Benefits Plan ("the Plan"), administered by Blue Cross Blue Shield of Illinois (BCBSIL). (Dkt. No. 2, ¶¶ 2, 4.) Jarrell O.'s minor child, Plaintiff M.O., was a beneficiary of the Plan at all relevant times. (*Id.* ¶ 4.) M.O. began exhibiting manipulative, destructive, and inappropriate behavior from a young age. (*Id.* ¶¶ 10–22.) She has been treated weekly by her therapist without apparent success. (*Id.* ¶ 22.)

M.O. was admitted for inpatient treatment at Change Academy Lake of the Ozarks ("CALO") from November 8, 2016 to September 30, 2017. (*Id.* ¶ 5.) BCBSIL denied coverage for the medical care that M.O. received at CALO after determining that the treatment was not medically necessary. (*Id.* ¶ 24.) Plaintiffs appealed this decision, and BCBSIL upheld the denial of benefits after further review. (*Id.* ¶¶ 25–34.) Plaintiffs then requested that the denial of benefits be evaluated by an external review agency. (*Id.* ¶¶ 35–43.) The external review agency also upheld the denial of benefits for M.O.'s treatment at CALO. (*Id.* ¶ 44.)

Plaintiffs filed their Complaint on July 5, 2019. (Dkt. No. 2.) In this Complaint, Plaintiffs allege two causes of action: Count I is a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and Count II is a claim for violation of the Mental Health Parity and Addiction Equity Act (Parity Act or MHPAEA) under 29 U.S.C. § 1132(a)(3). On September 23, 2019, both Defendants filed Motions to Dismiss Count II under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 29, 31.)

## MOTION TO DISMISS STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' do not count as well-pleaded facts." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678).

## DISCUSSION

The Parity Act "requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits." *Roy C. v. Aetna Life Ins. Co.,* No. 2:17CV1216, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)(ii)); *see also* 75 Fed. Reg. 5410, 5412–13 (Feb. 2, 2010). "Because the Parity Act 'targets limitations that discriminate against mental health and substance abuse treatments *in comparison to* medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services." *Roy C.,* 2018 WL 4511972, at *3 (emphasis in original).

Here, Plaintiffs allege that Defendants violated the Parity Act by "requiring that [M.O.] satisfy acute care medical necessity criteria in order to obtain coverage for residential treatment … because the Plan does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan benefits." (Dkt. No. 2, ¶ 57.) Specifically, Plaintiffs allege that Defendants reviewed M.O.'s claims for mental health treatment "under a more restrictive standard," which "resulted in

a disparity where equivalent mental health benefits were denied when the analogous levels of medical or surgical benefits would have been paid." (*Id.* ¶ 59.)

Having reviewed the Complaint in its entirety, the court finds that Plaintiffs' allegations are insufficient to state a claim under the Parity Act. Plaintiffs' Complaint lacks factual support for its assertions that disparate treatment existed in the way that Defendants evaluated M.O.'s claim for treatment at CALO in comparison to the way that Defendants evaluate claims for treatment at skilled nursing and rehabilitation facilities. Plaintiffs' Parity Act claim is supported by speculative statements and legal conclusions, which do not constitute well-pleaded facts. *See Warnick,* 895 F.3d at 751.

Plaintiffs have argued that they lack the necessary information for their Parity Act claim and that they are entitled to receive the Plan's medical necessity criteria used for skilled nursing and rehabilitation facilities in order to include more specific factual pleadings. However, Plaintiffs fail to sufficiently allege that they actually requested this criteria for skilled nursing and rehabilitation facilities. Instead, during the appeals process, Plaintiffs merely requested the medical necessity criteria "utilized to evaluate the claim" for benefits. (Dkt. No. 42, Ex. B, 34.) The court finds that Plaintiffs' ambiguous request for this criteria is limited to the scope of their claim for benefits, and Plaintiffs thereby failed to adequately plead that they requested the analogous medical necessity criteria for their Parity Act claim. "Given that the Final Rules grant claimants the right to request such information free of charge as part of the administrative process, Plaintiffs' failure to include more specific allegations about the discriminatory criteria used renders their Parity Act claim vague, conclusory, and speculative." *E. M. v. Humana*, No. 2:18-CV-00789-CMR, 2019 WL 4696281, at *4 (D. Utah Sept. 26, 2019). For these reasons, Plaintiffs' Parity Act claim is subject to dismissal.

In addition, Plaintiffs' Complaint also fails to allege that Cheryl O. is either a participant or a beneficiary of the Plan in this case. The court finds that Cheryl O. lacks standing to bring either claim raised in this lawsuit.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 29, 31) are hereby GRANTED. Plaintiffs' Second Cause of Action is dismissed with prejudice, and Plaintiff Cheryl O. is dismissed as a plaintiff in this case.

DATED this 21st day of January, 2020.

BY THE COURT:

Dee Benson
United States District Judge